## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ANTHONY T. ROBINSON,**

> Plaintiff**,**

**v.**                                         Case number:

**SYNCHRONY BANK NA,**

> Defendant**.**

## COMPLAINT – CLASS ACTION

Now comes Plaintiff Anthony T. Robinson, by and through his counsel, and for his Complaint, states and avers as follows:

### INTRODUCTION

1.      Plaintiff, Anthony T. Robinson, brings this action pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ( "FCRA") for violation by the Defendant Synchrony Bank NA.

2.      This class action alleges that certain policies and practices followed by Synchrony Bank NA in obtaining and using consumer reports pertaining to applicants and current employees violate the FCRA.

3.      In enacting the FCRA, Congress limited the purposes by which users could legitimately use or obtain consumer reports, with the intention of preventing invasion of consumers' right to privacy.

4.      Plaintiff brings this action to secure redress for Synchrony Bank NA's violations of the FCRA. Plaintiff seeks statutory damages and punitive damages, attorney fees and costs.

## JURISDICTION AND VENUE

5.    Jurisdiction of this Court is conferred under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1681p.

6.    Venue in this district is proper because Synchrony Bank NA conducts business in this district and the events upon which this action is based transpired in this district.

## PARTIES

7.    Plaintiff Anthony T. Robinson is a resident of Wyandotte County, Kansas and is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

8.    Synchrony Bank NA is a "creditor" and "financial institution" as defined by the FCRA, 15 U.S.C. § 1681(r) and (t).

9.    Synchrony Bank NA is a user of "consumer reports," as contemplated by the FCRA, 15 U.S.C. § 1681a(d)(1).

## FACTS

10.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

11.    Prior to October 28, 2018, Plaintiff paid off all obligations to Defendant Synchrony Bank NA in full.

12.    On October 28, 2018, Plaintiff and Defendant had no debtor – creditor or consumer – creditor relationship with Synchrony Bank NA.

13.    On October 28, 2018, Plaintiff had no existing credit obligation with Synchrony Bank NA.

14.    On October 28, 2018, Synchrony Bank NA had no permissible purpose to access Plaintiff's consumer report, as set forth under FCRA, 15 U.S.C. § 1681b(a)(3).

15.     On October 28, 2018, Synchrony Bank NA accessed Plaintiff's consumer report.

16.     Synchrony Bank NA had no legitimate business need or permissible purpose to use or obtain Plaintiff's credit report on October 28, 2018.

## FACTS COMMON TO ALL CLASS MEMBERS

17.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

18.     Synchrony Bank NA's regular practice is to obtain consumer reports from a consumer reporting agency even though the subject consumer has paid any alleged debt or balance owed to Synchrony Bank NA, and there is no legitimate need to evaluate the consumer for credit review.

19.     Synchrony Bank NA's regular practice is to use or obtain consumer reports from a consumer reporting agency on consumers with whom Synchrony Bank NA once, but no longer, has a consumer-creditor relationship.

## SYCRHONY BANK NA ACTED WILLFULLY

20.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

21.     Synchrony Bank NA knew or should have known that its actions and omissions violated the FCRA as it certainly knew that Plaintiff previously paid off any debt.

22.     The obligation to only obtain consumer reports for a permissible purpose are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission and Consumer Financial Protection Bureau.

23.     Synchrony Bank NA procured, or had available to it, substantial written materials that informed it of its duties under the FCRA. Any reasonable creditor that utilized consumer

reports in whole or in part when making credit review decisions knows about, or should know about, and can easily discover the federal mandates arising under the FCRA. In fact, Synchrony Bank NA provides education materials on its website regarding consumer reports and the FCRA rights related to such.

24.     Despite knowing of these legal obligations, Synchrony Bank NA acted recklessly and consciously in breaching its known duties and depriving Plaintiff and other members of the class of their rights under the FCRA.

25.     As a result of these FCRA violations, Synchrony Bank NA is liable to Plaintiff and to each FCRA Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2) for each of the violations alleged herein, and for attorneys' fees and costs pursuant to §1681n and §1681o.

## CLASS ACTION ALLEGATIONS

26.     Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "Class") initially defined as follows:

> All consumers whose consumer reports were accessed by Defendant during the applicable statute of limitations after the consumer had paid off debts owed to Defendant and the account was closed.

27.     Numerosity. FED. R. CIV. P. 23(a)(1). The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by Synchrony Bank NA, N.A., and the Class members may be notified of the pendency of this action by published and/or mailed notice. Numerosity can be inferred by Defendant's size, that it employs thousands of employees and the fact that its omissions are part of its routine business practice.

28.     Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV.

P. 23(a)(2). Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things and without limitation:

> a.    whether Synchrony Bank NA, N.A. used or obtained a class member's consumer report.
>
> b.    whether Synchrony Bank NA, N.A.'s still had a creditor relationship with the consumer whose credit report was used or obtained.

29.    Typicality. FED. R. CIV. P. 23(a)(3). Plaintiff's claims are typical of the claims of each Class member. Plaintiff seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

30.    Adequacy. Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Fed.R. Civ.P. 23(a)(4). Plaintiff and his Counsel will fairly and adequately protect the interests of the members of the Class.

31.    Superiority. Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Fed.R. Civ.P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Synchrony Bank NA, N.A.'s conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the

courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

32.    Injunctive Relief Appropriate for the Class. Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. Fed.R. Civ.P. 23(b)(2).

## COUNT ONE: VIOLATION OF THE FCRA § 1681b(f)

33.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

34.    This claim is for violation of 15 U.S.C. § 1681b(f), and is advanced on behalf of Plaintiff and all members of the putative Class.

35.    Synchrony Bank NA violated 15 U.S.C. § 1681(f) by willfully and/or recklessly obtaining or using Plaintiff's and the putative Class Member's consumer profiles/reports without a permissible purpose or authorization under the FCRA.

36.    Synchrony Bank NA's actions and omissions hereunder, in failing to comply with the FCRA, are willful.

37.    Synchrony Bank NA violated 15 U.S.C. § 1681o by negligently obtaining or using the consumer files without a permissible purpose or authorization under the FCRA.

38.    Synchrony Bank NA violated 15 U.S.C. § 1681n by willfully and/or recklessly obtaining or using the consumer files without a permissible purpose or authorization under the FCRA.

39.     As a result of the above violations of the FCRA, Defendant invaded Plaintiff's and each member of the putative Class's privacy.

40.     As a result of the above violations of the FCRA, Synchrony Bank NA is liable to the Plaintiff, and to each member of the putative Class for statutory damages, punitive damages, costs, disbursements, and reasonable attorney's fees.

*WHEREFORE*, Plaintiff and the Class Members pray for relief as follows:

1.     An order certifying the proposed FCRA class herein under Fed. R. Civ. P. 23 and appointing Plaintiffs and their undersigned counsel of record to represent same;

2.     The creation of a common fund available to provide notice of and remedy Defendant's FCRA violations;

3.     Statutory and punitive damages;

4.     Equitable and/or declaratory relief; including that Synchrony Bank NA be restrained from engaging in future conduct in violation of the FCRA;

5.     An injunction requiring Synchrony Bank NA to conduct weekly audits of all its files and file quarterly reports of third-party audits with the Court on its system and procedures to ensure consumer reports that it uses or obtains are the subject of an existing consumer obligation;

6.     Attorneys' fees, expenses and costs;

7.     An Order that Synchrony Bank NA, its agents, and anyone acting on Synchrony Bank NA's behalf, be immediately restrained from altering, deleting, or destroying any documents or records that could be used to identify Class members;

8.     Pre-judgment and post-judgment interest as provided by law; and

9.     Such other relief the Court does deem just, equitable and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

*Respectfully Submitted*,

By:  /s/ A.J. Stecklein
A.J. Stecklein          #16330
Michael H. Rapp         #25702
Matthew S. Robertson    #27254
Stecklein & Rapp Chartered
748 Ann Avenue
Kansas City, Kansas 66101
Telephone:   (913) 371-0727
Facsimile:   (913) 371-0727
Email: aj@kcconsumerlawyer.com
          mr@kcconsumerlawyer.com
          msr@kcconsumerlawyer.com

Keith J. Keogh          (*pro hac* to be filed)
Amy L. Wells            (*pro hac* to be filed)
Keogh Law, Ltd.
55 W. Monroe Street, Suite 3390
Chicago, IL 60603
Telephone:   (312) 726-1092
Facsimile:   (312) 726-1093
Email: keith@keoghlaw.com
          awells@keoghlaw.com

Attorneys for Plaintiff